# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GIGAMEDIA ACCESS CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-12537 (KBO) |
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF GIGAMEDIA ACCESS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NIHAT CARDAK,<br><br>Defendant | Adv. Pro. No. |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 & 550 AND DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Plaintiff, Jeoffrey L. Burtch, the chapter 7 trustee (the "Trustee" or the "Plaintiff") for the bankruptcy estate (the "Estate") of GigaMedia Access Corporation (the "Debtor"), by his undersigned attorneys, files this complaint (the "Complaint") against Nihat Cardak (the "Defendant"), and in support thereof hereby alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for, or on account of, an antecedent debt, and to or for the benefit of Defendant by the Debtor during the

one-year period prior to the filing of the Debtor's bankruptcy petition, pursuant to Sections 547 and 550 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Plaintiff also seeks, pursuant to Sections 548 and 550 of the Bankruptcy Code, to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, certain transfers made during the two-year period preceding the Petition Date, while the Debtor was insolvent and intended to continue incurring debts that were beyond the Debtor's ability to pay as such debts matured, in exchange for which the Debtor received less than a reasonably equivalent value.

3. In addition, Plaintiff seeks to disallow, pursuant to Sections 502(d) and (j) of the Bankruptcy Code, any and all claims that Defendant has filed or asserted against the Estate. Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason, including, but not limited to, any reason set forth in Sections 502(a) through (j) of the Bankruptcy Code.

**JURISDICTION AND VENUE**

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

5. The statutory and legal predicates for the relief sought herein are Sections 502, 547, 548, 550, and 704(a) of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders and judgments related to matters arising herein.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the Debtor's above-captioned bankruptcy case (the "Bankruptcy Case") is pending in the District of Delaware.

8. Personal jurisdiction over Defendant exists in this Court because Defendant conducted business in the United States, directed activities toward the Debtor in the United States, and/or the transfers at issue occurred in the United States.

9. Defendant is subject to nationwide service of process by first-class mail, postage prepaid pursuant to Bankruptcy Rules 7004(b) and (d).

10. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff states that he consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

11. On November 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

12. On December 4, 2019, Jeoffrey L. Burtch was appointed as interim trustee of the Estate pursuant to Section 701 of the Bankruptcy Code.

13. The Trustee now serves as trustee pursuant to Section 702(d) of the Bankruptcy Code.

## THE PARTIES

14. The Debtor was a provider of document protection solutions for endpoint devices, including mobile and desktop endpoints.

3

15. Pursuant to Sections 502, 547, 548, 550, and 704(a) of the Bankruptcy Code, Plaintiff is authorized and has standing to commence, prosecute, and compromise this cause of action.

16. Defendant is an adult citizen domiciled in the Commonwealth of Virginia and is the former Chief Financial Officer and Treasurer of the Debtor. The Debtor and Defendant conducted business with one another during the two years prior to the Petition Date.

17. Upon information and belief, Defendant may be served at the following address: 13306 Sturno Drive, Clifton, VA 20124.

## FACTUAL BACKGROUND

18. During the year preceding the Petition Date (November 27, 2018 through and including November 27, 2019) (the "Preference Period"), the Debtor made transfers (the "Preferential Transfers") to Defendant in a total amount determined by Plaintiff to be not less than $706,000.00. A detailed history of the Preferential Transfers is attached hereto as **Exhibit "A."**

19. During the two years preceding the Petition Date (November 27, 2017 through and including November 27, 2019) (the "Two-Year Period"), the Debtor made transfers (the "Section 548 Transfers" and, when discussed collectively with the Preferential Transfers, the "Avoidable Transfers") to Defendant in a total amount determined by the Plaintiff to be not less than $717,120.00. A detailed history of the Section 548 Transfers is contained in **Exhibit "A"** hereto.

20. During the course of this proceeding, Plaintiff may learn of additional transfers made to Defendant during the Preference Period or the Two-Year Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of Defendant or any other transferee. Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Avoidable Transfer(s),

(ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**COUNT I – TO AVOID PREFERENTIAL TRANSFERS
PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE**

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

22. Pursuant to Section 547(b) of the Bankruptcy Code, a trustee, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable Section 547(c) affirmative defenses may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within ninety (90) days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

23. The Trustee has considered the Debtor's banking records and available business and financial records in an effort to determine whether to bring an action to recover the Preferential Transfers and to evaluate Defendant's potential affirmative defenses. Given the limited financial and business records available to the Trustee, the Trustee's evaluation of the available information constitutes reasonable diligence in the circumstances of this Bankruptcy Case to bring an action under section 547(b) of the Bankruptcy Code against Defendant.

LEGAL\50281573\3 07998.0001.000/470505.000

24. As Defendant served as the Chief Financial Officer and Treasurer of the Debtor at the times all Preferential Transfers were made, Defendant is an insider of the Debtor and the relevant Preference Period for Plaintiff's Section 547 claims against Defendant is the one year preceding the Petition Date.

25. During the Preference Period, the Debtor made Preferential Transfers to Defendant on the dates, and in the amounts, listed on Exhibit A, for a total sum of at least $706,000.00 of Preferential Transfers made to Defendant.

26. The Preferential Transfers were made to or for the benefit of Defendant, a creditor of the Debtor.

27. The Preferential Transfers were for or on account of antecedent debts owed by the Debtor to Defendant before such transfers were made.

28. The Preferential Transfers were made at a time when the Debtor was insolvent. While the Debtor was insolvent for the entirety of the year preceding the Petition Date, Plaintiff is also entitled to the presumption of insolvency for each Transfer made during the ninety (90) day period prior to the Petition Date pursuant to 11 U.S.C. § 547(f).

29. Each of the Preferential Transfers was made during the one-year period prior to the Petition Date.

30. Defendant had no collateral, security interest or lien to secure payment for the services rendered to the Debtor or on behalf of the Debtor.

31. At the time that each of the Preferential Transfers was made, the sum of the Debtor's debts exceeded the sum of its property at a fair valuation.

LEGAL\50281573\3 07998.0001.000/470505.000

32. The Preferential Transfers enabled Defendant to receive more in satisfaction of his alleged claims against the Debtor than he would have received in a case under Chapter 7 of the Bankruptcy Code had the payments not been made.

33. By reason of the foregoing, Plaintiff is entitled to an order and judgment under Section 547 of the Bankruptcy Code avoiding the Preferential Transfers.

### COUNT II – TO AVOID FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

35. To the extent that one or more of the Section 548 Transfers were not on account of an antecedent debt, the Debtor received less than a reasonably equivalent value in exchange for such transfers.

36. Pursuant to Section 548(a)(1)(B) of the Bankruptcy Code, a trustee may avoid transfers occurring within the two years prior to the Petition Date if the Debtor (i) received less than a reasonably equivalent value in exchange for such transfers; and (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or (IV) made such transfer to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

37. During the Two-Year Period, the Debtor made Section 548 Transfers to Defendant on the dates, and in the amounts, listed on Exhibit A, for a total sum of at least $717,120.00 of Section 548 Transfers made to Defendant during the Two-Year Period.

7
LEGAL\50281573\3 07998.0001.000/470505.000

38. The Debtor received less than a reasonably equivalent value in exchange for each of the Section 548 Transfers.

39. The Debtor was insolvent on all of the dates on which Section 548 Transfers were made from the Debtor to Defendant, or the Debtor became insolvent as a result of the Section 548 Transfers.

40. At the times that the Section 548 Transfers were made by the Debtor to Defendant, the Debtor was engaged in business and transactions, or was about to engage in business or transactions, for which the remaining property of the Debtor was an unreasonably small capital.

41. When the Debtor made the Section 548 Transfers to Defendant, the Debtor intended to incur or believed it would incur debts beyond its ability to pay as such debts matured.

42. Moreover, the Section 548 Transfers were made to Defendant while he was an insider of the Debtor and were made to or for Defendant's benefit under Defendant's employment contract and not in the ordinary course of business.

43. By reason of the foregoing, Plaintiff is entitled to an order and judgment under Section 548 of the Bankruptcy Code avoiding the Section 548 Transfers.

### COUNT III – TO RECOVER AVOIDED TRANSFERS PURSUANT TO SECTION 550(a) OF THE BANKRUPTCY CODE

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 as if fully set forth herein.

45. Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

46. Plaintiff is entitled to recover from Defendant the Avoidable Transfers pursuant to Section 550(a) of the Bankruptcy Code, to the extent they are avoided pursuant to Section 547 or

Section 548 of the Bankruptcy Code, plus interest thereon to the date of payment and the costs of this action.

### COUNT IV – TO DISALLOW CLAIMS
### PURSUANT TO SECTIONS 502(d) AND (j) OF THE BANKRUPTCY CODE

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 as if fully set forth herein.

48. Defendant is a transferee of transfers avoidable under Sections 547 and 548 of the Bankruptcy Code, which property is recoverable under Section 550 of the Bankruptcy Code.

49. Defendant has not paid the amount of the Avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

50. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignee against the Estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers, plus interest thereon and costs.

51. Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendant and/or its assignee against the Estate previously allowed by Debtor or by Plaintiff must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant granting the following relief:

A. On Counts I, II and III of Plaintiff's Complaint, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548(a)(1)(B), and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest

extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

   B. On Count IV of Plaintiff's Complaint, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Estate until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. §§ 502(d) and (j); and

   C. Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 26, 2021   COZEN O'CONNOR

   */s/ Gregory F. Fischer*
   Mark E. Felger (No. 3919)
   Gregory F. Fischer (No. 5269)
   Marla S. Benedek (No. 6638)
   1201 N. Market Street, Suite 1001
   Wilmington, DE 19801
   T: (302) 295-2000; F: (302) 295-2013
   mfelger@cozen.com
   gfischer@cozen.com
   mbenedek@cozen.com

   *Special Counsel for Jeoffrey L. Burtch, Chapter 7 Trustee for the Estate of Debtor, GigaMedia Access Corporation*